52 CCPA

**Application of Harold L. MACK.**
**Patent Appeal No. 7387.**

United States Court of Customs and Patent Appeals.
May 6, 1965.
Rehearing Denied June 24, 1965.

Henry Gifford Hardy, San Francisco, Cal., William E. Rollow, Washington, D. C., for appellant.

Clarence W. Moore, Washington, D. C. (J. F. Nakamura, Washington, D. C., of counsel), for the Commissioner of Patents.

Before RICH, Acting Chief Judge, and MARTIN, SMITH, and ALMOND, Judges.

MARTIN, Judge.

Appellant claims a tobacco flavored cigarette filter, and a method of treating smoke filters with a tobacco flavored additive in his application serial No. 41,804, titled "Cigarette Treatment and Product," which was filed in the Patent Office July 11, 1960.

A claim, representative of claims 1–5, which were finally rejected by an ex-

aminer as "unpatentable over" or "met" by a patent to Davidson, 2,164,702, issued July 4, 1939, reads as follows:

"2. A method of treating filters for cigarettes, which filters are of the type that remove tar and nicotine from cigarette tobacco smoke comprising adding several drops of tincture of tobacco flavored to taste to a filter in order to restore to the tobacco smoke the flavor removed as a result of the removal of tar and nicotine."

The board, affirming the examiner, held that the following disclosure of Davidson "anticipates" the claims or "renders them obvious to persons of ordinary skill in the art":

"In Fig. 1 is shown a cigarette having the usual wrapper 15 and tobacco filler 16 and also having at one end within the wrapper 15 a *filter* plug or mouthpiece insert 17.

\* \* \* \* \* \*

"Preferably the paper or other material constituting the above described *fillers* is so constituted or treated as to be fire resistant or self-extinguishing, and is suitably sized. In addition, the material may be treated by coating or, in the case of soft sized paper, saturating the same with an infusion made from tobacco, tobacco stems, cocoa, cinnamon, menthol or other flavoring materials." [Emphasis supplied.]

The sole distinction which appellant urges is that the "mouthpieces" of Davidson are fillers rather than filters, in part evidenced by the above italicized discrepancy in the reference. It is further urged that the "mouthpieces" cannot function as filters since the folds of the paper material are such that there are, in appellant's words, "uninterrupted longitudinal air passages therethrough," i. e., no smoke-laden air is drawn *through* paper such that it would act as a filter. Thus appellant urges, Davidson is not an anticipation in the sense of a full disclosure.

While elsewhere in Davidson the paper used to form the mouthpieces is referred to as "paper filer" and "filler" any doubts we have that the mouthpiece is indeed a filter are resolved by Davidson's claim 11:

"11. A method of making filter plug mouthpieces for cigarettes, which comprises forming a smoke filter having multitudinous generally longitudinal passages by laterally loosely compressing together, through pressure applied radially inward into substantially cylindrical form, fibrous cellulose material, and simultaneously moving said material in the axial direction of the cylinder so formed."

The axial passages in the Davidson filter do not prevent it from functioning as a filter, and appellant discloses no particular filter structure such that any distinction as to novelty within the meaning of 35 U.S.C. § 102 can be urged.

The decision of the board is affirmed.

Affirmed.

SMITH, J., concurs in the result.